Filed 9/23/21  P. v. Maldonado CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAMON DAVID MALDONADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B306808<br>(Super. Ct. No. 1434089)<br>(Santa Barbara County)<br><br>OPINION FOLLOWING TRANSFER FROM SUPREME COURT |

Ramon David Maldonado appeals from the trial court's postjudgment order denying his petition for resentencing. (Pen. Code,[1] § 1170.95.)  He contends the court erred when it summarily denied his petition without appointing counsel.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

In May 2015, a jury convicted Maldonado and four codefendants of first degree murder (§§ 187, subd. (a), 189, subd.

_____

[1] Statutory references are to the Penal Code.

1

(a)), and found true a special circumstance allegation that they committed murder during the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)).  (*People v. Gonzales* (Aug. 7, 2018, B264384) 2018 WL 3737940 at p. *1 (*Gonzales*) [nonpub. opn.].)  As to Maldonado only, the jury also found true a special circumstance allegation that the murder was intentional and involved the infliction of torture (§ 190.2, subd. (a)(18)).  (*Gonzales*, at p. *1.)  In a bifurcated proceeding, the trial court found true allegations that Maldonado served three prior prison terms (§ 667.5, subd. (b)).  (*Gonzales*, at p. *1.)  It sentenced him to life in state prison without the possibility of parole plus three years.  (*Ibid.*)

Maldonado did not challenge the jury's true finding on the torture special circumstance on appeal, but did challenge the kidnapping special circumstance finding.  (*Gonzales*, *supra*, 2018 WL 3737940 at pp. *7-8.)  We rejected his challenge.  (*Id.* at p. *17.)

After the case was final, Maldonado petitioned the trial court to resentence him pursuant to section 1170.95.  In his petition, Gonzales declared that:  (1) the information filed against him allowed the prosecution to proceed on a felony murder theory, (2) he was convicted of first degree felony murder, (3) he could not now be convicted of first degree murder based on amendments to sections 188 and 189, and (4) he was not the actual killer.  Maldonado also requested the appointment of counsel to assist him during the resentencing process.

Prosecutors filed an "initial response" to Maldonado's petition.  The response set forth the facts of the case and the prosecutors' preferred procedure for evaluating a resentencing petition.  It also argued that Maldonado failed to make a prima

facie showing of entitlement to relief because, in finding true the torture special circumstance allegation, the jury determined that he acted with the intent to kill. Attached to the response was a copy of our opinion in Maldonado's direct appeal.[2]

The trial court summarily denied Maldonado's petition because he did not "make a prima facie case for eligibility as a matter of law." Although he was not the actual killer, he "intended to kill the victim and/or was a major participant and acted with reckless disregard for human life" based on the jury's true findings on the kidnapping and torture special circumstance allegations. Maldonado was therefore not entitled to the appointment of counsel or a hearing on his resentencing petition.

On appeal, Maldonado contended the trial court erred when it summarily denied his section 1170.95 resentencing petition without appointing counsel. (*People v. Maldonado* (June 21, 2021, B306808) 2021 WL 2525124 at p. *1 [nonpub. opn.].) We disagreed, concluding that appointment of counsel was not required because Maldonado was statutorily ineligible for section 1170.95 relief. (*Id.* at pp. *2-3.) The Supreme Court subsequently granted Maldonado's petition for review, and ordered us to vacate our decision and reconsider the matter in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

DISCUSSION

Maldonado contends the trial court erred when it summarily denied his section 1170.95 resentencing petition without appointing counsel. Having reconsidered the matter, we

---

[2] The trial court deemed prosecutors' response to Maldonado's petition a "discretionary filing, with no procedural significance under the statutory scheme, as it included as an attachment [our] opinion on direct appeal."

3

agree.  (*Lewis*, *supra*, 11 Cal.5th at pp. 961-970.)  But the error was harmless.

If a trial court erroneously denies a section 1170.95 resentencing petition without appointing counsel, the error is prejudicial and requires reversal only if the petitioner shows a reasonable probability that the ""'petition would not have been summarily denied without an evidentiary hearing"'" had the court appointed counsel.  (*Lewis*, *supra*, 11 Cal.5th at p. 974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)  Here, the jury found true a torture special circumstance allegation, a finding Maldonado did not challenge on direct appeal.  That finding— which is now law of the case (*Conservatorship of Edde* (2009) 173 Cal.App.4th 883, 889)—required the jury to determine that Maldonado acted with the intent to kill.  (*People v. Davenport* (1985) 41 Cal.3d 247, 271.)  A defendant who acts with the intent to kill can still be convicted of murder under the amended versions of sections 188 and 189.  (See § 189, subd. (e)(2).)  They are thus ineligible for resentencing as a matter of law. (§ 1170.95, subd. (a)(3).)  Accordingly, Maldonado has failed to show a reasonable probability that his petition would not have been summarily denied even if the trial court had appointed counsel.  The error was harmless.  (*People v. Simmons* (2021) 65 Cal.App.5th 739, 749-750, review granted Sept. 1, 2021, S270048 (*Simmons*).)

And to the extent the court erred when it accepted prosecutors' response to Maldonado's petition, that error was also harmless given his ineligibility for resentencing.  (*Simmons*, *supra*, 65 Cal.App.5th at pp. 749-750, review granted.)

4

DISPOSITION

The trial court's order denying Maldonado's petition for resentencing, entered June 1, 2020, is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

5

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda Lopez and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.